IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MIKA C. PARKER,

            Plaintiff

VS.

MICHAEL J. ASTRUE,

           Defendant

NO. 5:06-CV-329 (CAR)

SOCIAL SECURITY APPEAL

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). This case has been referred to the undersigned, a full time United States Magistrate Judge, for consideration pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.

## HISTORY

Plaintiff MIKA C. PARKER applied for disability benefits and Supplemental Security Income on June 16, 2003. Her application was denied initially and upon reconsideration. She applied for a hearing by an administrative law judge ("ALJ") who issued an unfavorable decision. Plaintiff appealed the ALJ's finding to the Appeals Council which denied Plaintiff's request for review. Plaintiff claims that she became disabled on February 10, 2002, due to asthma, carpal tunnel syndrome, and depression. However, her instant appeal focuses solely on evidence relating to her claim that she suffers from depression which renders her disabled.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision**. *Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

# DISCUSSION

**Evaluation of Evidence of Impairments**

Included in the ALJ's opinion is the finding that plaintiff's allegations regarding her limitations are not credible in light of the objective evidence.[2] Tr. at 25. The ALJ clearly articulated his finding that plaintiff's credibility is lacking, and this finding is supported by substantial evidence. This court accepts the ALJ's finding as to lack of credibility.

Dr. Mark Prigatano was the first mental health professional who saw and evaluated the plaintiff. The ALJ "considered [Dr. Prigatano's] opinion and [gave] it greater evidentiary weight as the objective medical evidence supports it." Tr. at 25. However, the ALJ did not afford Dr. Prigatano's opinion complete deference: The ALJ refused to grant benefits even though Dr. Prigatano had found that the plaintiff would be required to miss work "three or more times a month" (Tr. at 258-259) while the vocational expert opined that plaintiff Parker would only be permitted to miss "[t]wo days a month" in order to retain any of the jobs she determined plaintiff could perform. Tr. at 452.

---

[2]The ALJ's findings, which are supported by substantial evidence, include:

The claimant had only moderate limitations in her ability to maintain concentration and attention for extended periods and moderate limitations in her ability to deal with stressors. Her ability to understand and remember locations and work procedures; understand and remember very short and simple instructions; maintain a schedule, regular attendance, and be punctual; work with others; maintain a workday/week; and respond appropriately to changes were only mildly limited.
\*\*\*
These impairments did not impose any functional limitations on the claimant's ability to perform daily activities.
Tr. at 25.

"[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the reviewing court] to conclude that [the ALJ] considered [the plaintiff's] medical condition as a whole." ***Dyer v. Barnhart***, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal punctuation omitted). In the instant case, it is apparent that the ALJ considered the plaintiff's medical record as a whole when making his decision but simply neglected to state the *exact* reason as to why the he discounted Dr. Prigatano's specific opinion regarding how often the plaintiff would have to miss work. Because an ALJ is not required to refer specifically to every piece of evidence he uses to make his decision, his failure to include a specific finding on that matter does not constitute remandable error.

The plaintiff also cites to what she calls conclusory, uncited, and global statements included in the ALJ's findings with respect to the plaintiff's treatment at the Phoenix Center. Though the ALJ only spent one sentence discussing Parker's treatment at the Phoenix Center, as explained above, an ALJ is not required to *specifically* refer to every piece of evidence in front of him. While brief in length, the ALJ's statements regarding Parker's noncompliance in keeping appointments and taking medication are accurate. Parker cites to the Global Assessment of Functioning (GAF) scores she was assigned while at the Phoenix Center as being supportive of her claim. However, GAF scores are not conclusive evidence of disability.

If the ALJ had not discussed the findings at the Phoenix Center at all, Parker may have a case for remand as the ALJ would not have made clear that he included all relevant evidence in his decision. However, the ALJ made mention of the evidence from the Phoenix Center, and this court must therefore assume that he considered it in making his decision.

Because there is substantial evidence in the record to support the ALJ's conclusion, IT IS RECOMMENDED that the Commissioner's decision be AFFIRMED with respect to the plaintiff's impairments.

**New Evidence**

The plaintiff alleges that based on evidence that was not presented to the ALJ — specifically the findings of a treating physician, Dr. Little — the Appeals Council should have remanded the case.

> To succeed on a claim that remand is appropriate, [a claimant must] show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level.

*Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

Here, the plaintiff has not demonstrated that remanding the case to include the new evidence would have helped to demonstrate any disability during the time period in question as Dr. Little's findings are based on the time period *after* the ALJ rendered his decision. Moreover, plaintiff Parker has provided NO cause for her failure to submit evidence from Dr. Little at any time at the appropriate administrative level.

Accordingly, IT IS RECOMMENDED that the decision of the Appeals Council declining to remand the plaintiff's case based on new evidence be AFFIRMED.

## CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 5th day of SEPTEMBER, 2007.



                CLAUDE W. HICKS, JR.
                UNITED STATES MAGISTRATE JUDGE